UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 15-201 |
| ANDRE LLOYD | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is a Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c) filed by Andre Lloyd.[1] The Government filed a response.[2] For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On December 21, 2016, Defendant Andre Lloyd pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute quantities of cocaine and heroin in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 846.[3] On June 7, 2017, the Court sentenced Lloyd to 131 months in prison and three years of supervised release.[4] On October 22, 2019, Lloyd filed the instant motion for downward departure.[5]

## LAW AND ANALYSIS

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."[6] These limited circumstances are set forth in 18 U.S.C. § 3582(b), which provides:

---

[1] R. Doc. 221.
[2] R. Doc. 223.
[3] R. Doc. 135.
[4] R. Doc. 204.
[5] R. Doc. 221.
[6] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b) (brackets in original).

1

Notwithstanding the fact that a sentence to imprisonment can subsequently be—

> (1) modified pursuant to the provisions of subsection (c);
>
> (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
>
> (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742;
>
> a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.[7]

In turn, subsection (c) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[7] 18 U.S.C. § 3582(b).

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .[8]

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow courts to modify sentences not only upon motion of the Director of the Bureau of Prisons (BOP) but also upon "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."[9]

Lloyd has not demonstrated in his motion that he has exhausted his administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires before he—rather than the director of the BOP—may bring a motion to reduce his sentence. Because Lloyd has failed to exhaust his administrative remedies, his motion is unauthorized and must be denied.[10]

## CONCLUSION

For the forgoing reasons the Defendant Andre Lloyd's Motion to Reduce Sentence Pursuant to 18 U.S.C. 3582(c) is **DENIED WITHOUT PREJUDICE**.

**New Orleans, Louisiana, this 16th day of March, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[8] *Id.* § 3582(c)(1).
[9] Pub. L. No. 226-391, § 603, 132 Stat. 5194, 5238–40 (2018).
[10] *See United States v. Early*, 27 F.3d 140 (5th Cir. 1994).