UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 15-201** |
| **ANDRE LLOYD** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion to appoint counsel filed by Petitioner Andre Lloyd.[1] Also before the Court is a motion for compassionate release filed by Lloyd.[2] For the reasons that follow, both motions are **DENIED**.

## BACKGROUND

On December 21, 2016, Lloyd pleaded guilty to conspiring to distribute and possess with intent to distribute quantities of cocaine hydrochloride, heroin, and marijuana in violation of 21 U.S.C. § 841.[3] Lloyd admitted to possessing a firearm during some of this drug trafficking activity.[4] On June 7, 2017, the court sentenced him to 131 months imprisonment.[5] Lloyd is currently incarcerated at FCI Oakdale I[6] and has served approximately fifty-five percent of his sentence.[7]

On May 21, 2020, the warden of FCC Oakdale received a request for compassionate release from Lloyd based on Lloyd's health conditions and the risks posed by COVID-19.[8] On June 12, 2020, the warden denied Lloyd's request.[9] On July 9, 2020, Lloyd filed the

---

[1] R. Doc. 226. The Government did not file a response to this motion.
[2] R. Doc. 227. The Government filed a response. R. Doc. 229.
[3] R. Doc. 135.
[4] R. Doc. 136, at 3.
[5] R. Doc. 208.
[6] *Find an Inmate,* BOP, https://www.bop.gov/inmateloc/.
[7] R. Doc. 229.
[8] R. Doc. 227, at 10.
[9] *Id.*

1

instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), also based on his health conditions and the risks posed by COVID-19.[10] Lloyd also filed a motion to appoint counsel to assist him in seeking compassionate release.[11] Lloyd is forty-five years old and claims, without referencing or attaching any medical records, he suffers from asthma and Hepatitis B and is obese.[12] As of the time of this decision, FCI Oakdale I has active cases of COVID-19. Three inmates are positive, 209 inmates have recovered, 11 staff members are positive, and 20 staff members have recovered after testing positive for COVID-19.[13] Seven inmates have died due to COVID-19 at FCI Oakdale I.[14]

## LAW AND ANALYSIS

### I.  Petitioner's Request for Appointment of Counsel is Denied

Lloyd requests the Court appoint him counsel to assist him in bringing his motion for compassionate release.[15] There is no general constitutional right to appointed counsel in post-conviction proceedings.[16] There is likewise no statutory right to appointment of counsel in bringing a § 3582(c) motion.[17] "Although a defendant in a § 3582(c) motion does not have a statutory or constitutional right to appointment of counsel, the Court may appoint counsel in the interest of justice."[18] In determining if appointment of counsel is in the interest of justice, courts consider whether the

---

[10] *Id.* at 1.
[11] R. Doc. 226.
[12] R. Doc. 227, at 3.
[13] *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/.
[14] *Id.*
[15] R. Doc. 226.
[16] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[17] *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015).
[18] *Id.* (citing *United States v. Robinson*, 542 F.3d 1045, 1051-52 (5th Cir. 2008) (appointing counsel on appeal in contested § 3582(c) proceeding)).

§ 3582(a) motion involves complicated or unresolved issues.[19] In this case, Lloyd's request does not present a complicated or unresolved legal question.[20] As discussed below, Lloyd fails to meet the requirements for compassionate release under § 3582(c)(1)(A) because he poses a danger to the safety of the community and the § 3553(a) factors weigh against reducing his sentence. Appointment of an attorney would not have remedied this outcome. Accordingly, the Court declines to grant Lloyd's request for appointment of counsel.

## II.   Lloyd has exhausted administrative remedies.

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[21] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[22]

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of § 3582(c)(1)(A) are met.[23] The exhaustion requirements are met only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of

---

[19] *U.S. v. Willard*, 481 Fed. Appx. 915 (5th Cir. 2012); *see also U.S. v. Robinson*, 542 F. 3d 1045 (5th Cir. 2008) (noting appeal could raise a number of issues and accordingly appointing counsel to serve the interest of justice).
[20] *United States v. Rodriguez*, Crim. Action. No. 2:10-CR-17, 2015 WL 13664966, at *2 (S.D. Tex. Aug. 20, 2015) (denying motion to appoint counsel because the issue lacked legal complexity).
[21] 18 U.S.C. § 3582(c).
[22] *Id.* § 3582(c)(1)(A).
[23] *Id.*

3

such a request by the warden of the defendant's facility."[24] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter allows a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[25] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

In this case, the warden of FCC Oakdale received a request for compassionate release from Lloyd on May 21, 2020.[26] On June 12, 2020, the warden denied Lloyd's request.[27] On July 9, 2020, after the passage of more than thirty days from the warden receiving Lloyd's initial request, Lloyd filed the instant motion for compassionate release.[28] The government argues that, because the warden denied Lloyd's initial request, Lloyd was required to appeal the denial in order to exhaust administrative remedies under § 3582(c)(1)(A). In support, the government relies on a decision from another section of this court, *United States v. Reed*.[29] In that case, the court determined the defendant did not satisfy the exhaustion requirements of § 3582(c)(1)(A) because he failed to appeal the warden's denial of his initial request.[30] In *Reed*, however, thirty days had not lapsed between the warden's receipt of the initial request and the defendant's filing of his motion for compassionate release with the court.[31] As a result, the court made no decision regarding whether § 3582(c)(1)(A)'s exhaustion requirement was met based on "the lapse of 30 days from the receipt of . . . a request [for compassionate release] by the warden of

---

[24] *Id.* (emphasis added); *see United States v. Reed*, 20 WL 2850145, at *3 (E.D. La. June 2, 2020).
[25] 18 U.S.C. § 3582(c)(1)(A).
[26] R. Doc. 227, at 10.
[27] *Id.*
[28] *Id.* at 1.
[29] 20 WL 2850145 (E.D. La. June 2, 2020).
[30] *Id.* at *4.
[31] *Id.*

4

the defendant's facility."[32] Section 3582 makes clear a defendant may file a motion for compassionate release after either "appeal[ing] a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" *or* "the lapse of 30 days from the receipt of . . . a request by the warden of the defendant's facility."

In this case, more than thirty days lapsed between the warden receiving Lloyd's initial request and Lloyd filing his motion for compassionate release with the Court. Accordingly, the Court finds Lloyd has exhausted his administrative remedies, and the Court will proceed to evaluating Lloyd's request for compassionate release on the merits.

### III. Lloyd must present "extraordinary and compelling reasons" warranting a reduction in sentence.

According to § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[33] The United States Sentencing Commission's relevant policy statement, found in Section 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

    1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic

---

[32] 18 U.S.C. § 3582(c)(1)(A).
[33] 18 U.S.C. § 3582(c)(1)(A)(i).

> solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>
> > (I) suffering from a serious physical or medical condition,
> > (II) suffering from a serious functional or cognitive impairment, or
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[34]

Lloyd bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[35] In this case, Lloyd argues extraordinary and compelling reasons are present for compassionate release because of his existing health conditions—such as

---

[34] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[35] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").

asthma, obesity, and Hepatitis B—and the potential risks of COVID-19.[36] Lloyd does not allege he is suffering from a terminal illness or an illness that substantially diminishes his ability to provide self-care, and he is not yet 65 years old. He also does not present any family circumstances that might warrant a reduction of his sentence. Accordingly, subsections (A), (B) and (C) are not at issue, and only subsection (D) of the policy statement is relevant in this case.

Subsection (D), the "catchall" provision, covers "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances.[37] The Court notes the policy statement in the Sentencing Guidelines Manual, last amended on November 1, 2018, has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement, however, provides, "A reduction under this policy statement may be granted *only upon motion by the Director of the Bureau of Prisons.*"[38] As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.[39]

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and

---

[36] R. Doc. 227, at 3.
[37] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(D) (U.S. SENTENCING COMM'N 2018).
[38] *Id.* § 1B1.13 cmt. n.4.
[39] *See, e.g.*, *United States v. Brown*, 2019 WL 4942051, at *4 (S.D. Iowa Oct. 8, 2019); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019); *United States v. Fox*, No. 2:14-CR-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]" under that subsection.[40] Some courts have questioned why a defendant can bring a motion for compassionate release *in court* if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'"[41] Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.[42]

    The Court need not weigh in on this conflict in order to resolve the instant motion for compassionate release. For the reasons discussed below, even if both the Court and the BOP may determine what additional circumstances constitute "extraordinary and compelling" reasons under the catchall provision, and even if Lloyd has demonstrated such "extraordinary and compelling" circumstances warrant a reduction in his sentence,[43]

---

[40] *See, e.g.*, *United States v. Overcash*, 3:15-cr-263-FDW-l, 2019 WL 1472104, at *2 (W.D.N.C. Apr. 3, 2019) ("The Court agrees that § 1B1.13 now conflicts with § 3582 insofar as a defendant is now able to request a sentence reduction upon a defendant's own motion rather than having to rely on the BOP Director.").
[41] *Brown*, 2019 WL 4942051, at *3.
[42] *United States v. Joseph*, No. CR 15-307, 2020 WL 3128845, at *3 (E.D. La. June 12, 2020) ("The Guidelines also identify a category of '[o]ther [r]easons,' but state that such reasons are '[a]s determined by the Director of the Bureau of Prisons.'").
[43] Lloyd bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i). *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of

Lloyd is not entitled to compassionate release because the § 3553(a) factors weigh against his release.

**IV.    Section 3553(a) factors weigh against reducing Lloyd's sentence.**

Section 3582 requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Likewise, the policy statement regarding compassionate release requires a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[44]

The Court discusses the relevant factors under § 3142(g) and § 3553(a) simultaneously due to the similarity of the factors. Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors related to whether a petitioner is dangerous to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[45] Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

---

circumstances, that would warrant relief under the compassionate release statute"). Lloyd did not attach any evidence, such as medical records, to the instant motion for compassionate relief.
[44] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13(2) & cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[45] 18 U.S.C. § 3142(g).

>(B) to afford adequate deterrence to criminal conduct;
>
>(C) to protect the public from further crimes of the defendant; and
>
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][46]

Having considered all of the relevant factors under § 3142(g) and § 3553(a) and the totality of the relevant circumstances, the Court finds the factors weigh against Lloyd's request for compassionate release. The history and characteristics of the defendant and the nature of the defendant's conduct weigh heavily in the Court's decision.

Lloyd pleaded guilty to conspiring to trafficking in drugs and, in some instances, using a firearm to do so. It is well-established that drug trafficking poses a substantial danger to the community.[47] Further, Lloyd has committed offenses while on supervised release in the past, including the offense for which he is presently imprisoned.[48] Due to the dangerous nature of the instant offense and Lloyd's history of continued criminal activity, the Court finds Lloyd would be a danger to the community if released.

Moreover, taking Lloyd's sentencing date into account, Lloyd has served approximately fifty-five percent of his 131-month sentence for serious drug trafficking offenses.[49] Granting compassionate release to Lloyd at this time would not ensure his sentence is sufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[50] Accordingly, consideration of the § 3553(a) factors convince the Court Lloyd is not entitled to compassionate release.

---

[46] 18 U.S.C. § 3553(a).
[47] *See United States v. Hare*, 873 F.2d 796, 798–99 (5th Cir. 1989).
[48] R. Doc. 162, at 15; R. Doc. 229, at 7.
[49] R. Doc. 229.
[50] 18 U.S.C. § 3553(a).

## **CONCLUSION**

**IT IS ORDERED** that Lloyd's motion to appoint counsel[51] is **DENIED**.

**IT IS FURTHER ORDERED** that Lloyd's motion requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)[52] is **DENIED.**

**New Orleans, Louisiana, this 11th day of August, 2020.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] R. Doc. 226.
[52] R. Doc. 227.